**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL GUTIERREZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendants. | Civil Action No.: |

**NOTICE OF REMOVAL**

To:    The Honorable Judges
       United States District Court, District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street
       Newark, NJ 07101

Defendant United Airlines, Inc. (hereinafter "United" or "Defendant"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and, in support thereof, respectfully states as follows:

1.     On or about May 7, 2020, Plaintiff Paul Gutierrez (hereinafter "Plaintiff") filed a Complaint against United in the Superior Court of New Jersey, Law Division, Essex County, Docket No.: ESX-L-003149-20 (hereinafter the "State Court Action"), which is now pending in that Court.  A copy of the Complaint in the State Court Action, which constitutes all of the processes and pleadings to date, is annexed hereto as **Exhibit A**.

2.     United was notified of the Summons and Complaint when it was served with process on May 21, 2020.  See id.  Therefore, this Notice of Removal is filed within thirty (30) days

of United's receipt of notice of the State Court Action and within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

3.    This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332, in that:

a. United is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 233 South Wacker Drive, Chicago, Illinois 60606.

b. According to the Complaint, Plaintiff is a citizen of the state of New Jersey. See Exhibit A at ¶1.

c. Plaintiff brings claims for various violations of the New Jersey Sick Leave Law (Count III); Wrongful Discharge/Wrongful Termination (Count IV); and Retaliation under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1, et seq. ("LAD") (Count V) as well as claims for Breach of Contract (Count I) and Breach of Covenant of Good Faith and Fair Dealing (Count II). Plaintiff seeks to recover for "emotional distress, reputational damage, damage to income, loss of earnings, loss employment benefits, and loss of income," among other monetary damages. Id. at ¶44. Assuming solely for purposes of this application that Plaintiff could succeed on his claims, his recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

d. Thus, the above captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists that no plaintiff is a citizen of the same state as any defendant. See 28 U.S.C. §1332. Therefore, this Court has

diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332, which may properly be removed to this Court pursuant to 28 U.S.C. §1441, *et seq.*

4.    This Court also has original jurisdiction over Plaintiff's contract claims (and most likely his other claims), which are preempted by the Railway Labor Act (the "RLA"), 45 U.S.C. § 151 *et seq.*  In other words, Plaintiff's contract claims are claims arising under federal law over which this Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(a), and thus, removal from state court to this Court is proper.

5.    During Plaintiff's employment with United, he was a member of The International Association of Machinists and Aerospace Workers (IAMAW) (hereinafter the "Union").  As such, Plaintiff was subject to the collective bargaining agreement between United and the Union, the Fleet Service Employees 2016-2021 Agreement (hereinafter the "CBA").  See Exhibit A at ¶22.  Pursuant to Article 8(A) of the CBA, the Union was the "sole collective bargaining agent with respect to rates of pay, rules and working conditions for all employees employed by the Company composing the craft or class of Fleet Service Employees for purposes of the Railway Labor Act…"

6.    Among other causes of action, Plaintiff asserts Breach of Contract (Count I) and Breach of Covenant of Good Faith and Fair Dealing (Count II) in which Plaintiff alleges an express and/or implied breach with respect to the terms of the CBA.  Given that the CBA was the exclusive contract that governed Plaintiff's employment relationship with United, the asserted contract claims are based directly on Plaintiff's rights under the CBA and are substantially dependent on an analysis of the CBA.

7.    Plaintiff also asserts violation of the New Jersey Sick Leave Law (Count III), Wrongful Discharge/Wrongful Termination (Count IV), and Retaliation (Count V).  These claims also implicate the terms and conditions of Plaintiff's employment, which are governed by the CBA,

including, but not limited to, the reason for Plaintiff's termination. The amount of paid time off allotted to employees, manner of usage, discipline arising out of the paid time off policy, and grounds for termination are all matters addressed in the CBA. Therefore, Counts III through V of Plaintiff's Complaint are also substantially dependent on an analysis of the CBA.

8. This Court has supplemental jurisdiction over any of Plaintiff's claims not arising under the laws of the United States pursuant to 28 U.S.C. § 1367, including Plaintiff's claims alleging violation of: the New Jersey Sick Leave Law (Count III); Wrongful Discharge/Wrongful Termination (Count IV); and Retaliation under the LAD (Count V), to the extent those claims are not preempted by the RLA.

9. Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the District of New Jersey in that the State Court Action was filed in the Superior Court of New Jersey, Law Division, Essex Vicinage.

10. As of this date, no discovery has been issued or commenced.

11. By filing this notice, United neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

12. Upon filing of this Notice of Removal, United shall give written notice thereof to Ian J. Hirsch, Esq., attorney for Plaintiff. Also, United shall file true and correct copies of said Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant United Airlines, Inc. hereby respectfully requests that the Court remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant United Airlines, Inc.*


By: *s/ Robin H. Rome*
    Robin H. Rome, Esq.
    Kirsten McCaw Grossman, Esq.
    Punam P. Alam, Esq.
    26 Main Street, Suite 202
    Chatham, NJ 07928
    rrome@nfclegal.com
    Telephone:  (973) 665-9100
    Facsimile:  (973) 665-9101

Dated:  June 19, 2020

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant United Airlines, Inc.*


By:  *s/ Robin H. Rome*
     Robin H. Rome, Esq.
     Kirsten McCaw Grossman, Esq.
     Punam P Alam, Esq.
     26 Main Street, Suite 202
     Chatham, NJ 07928
     rrome@nfclegal.com
     Telephone:  (973) 665-9100
     Facsimile:  (973) 665-9101

Dated:  June 19, 2020

6

# EXHIBIT A

**Law Offices of**
**Ian J. Hirsch & Associates, LLC**
**Attorney ID 264661972**
**75 Essex Street, Suite 220**
**Hackensack, New Jersey 07601**
**Tel   (201) 342-1151**
**Fax   (201) 342-0089**
**Attorney for the Plaintiff**

|  |  |  |
|---|---|---|
| PAUL GUTIERREZ | ) | SUPERIOR COURT OF NEW JERSEY |
|  | ) | LAW DIVISION |
|  | ) | ESSEX COUNTY |
| Plaintiff | ) |  |
|  | ) | DOCKET NO.: |
| vs | ) |  |
|  | ) | CIVIL ACTION |
| UNITED AIRLINES, INC. | ) |  |
|  | ) | **COMPLAINT** |
| Defendants. | ) | **WITH JURY DEMAND** |
|  | ) |  |

PAUL GUTIERREZ (hereinafter "Plaintiff") who resides at 361 Maple Street, Moonachie, Bergen County, New Jersey 07074 with his prior employment located at Newark Liberty International Airport, Newark, Essex County, New Jersey 07114 by way of complaint against the Defendant, says:

## JURISDICTION & VENUE

1.     The State of New Jersey has jurisdiction over this matter based on the Plaintiff's residence in Bergen County, State of New Jersey.  The Defendants are located in, and/or do business in the State of New Jersey.

2.     Venue is properly vested in Essex County, State of New Jersey due to the fact that the events or omissions giving rise to the claims asserted herein occurred in Essex County.  The principal place of business of the Defendant is located in Essex County, and/or that the parties conduct a substantial part of their business in Essex County, which is considered a "hub."

## THE PARTIES

3.     Plaintiff resides at 361 Maple Street, Moonachie, Bergen County, New Jersey 07074.  Plaintiff principal place of employment is at Newark Liberty International Airport, Newark, Essex County, New Jersey 07114.

4.     Defendant UNITED AIRLINES, INC. has its principal offices at Willis Tower Skydeck, 233 S. Wacker Drive Chicago, Cook County, Illinois 60606 and there airport hub is located at Newark Liberty International Airport, Newark, Essex County, New Jersey 07114.

## FACTS COMMON TO ALL COUNTS

5.     On or about October 15, 1997, the Plaintiff was hired on a part time basis as a ramp agent for Continental Airlines which was located at Liberty Newark Airport.  A ramp agent is the person who works on the tarmac and unloads the plane at the gate when it lands or takeoffs.

6.     Plaintiff has remained a part time employee ever since 1997.  A part time employee is one who has a work schedule of twenty (20) hours per week allowing for two (2) consecutive days off.

7.     The basic employee benefits include but are not limited to health insurance for Plaintiff's family, 401(k) pension, flying benefits, flying benefits for extended family and friends sometimes referred to as "buddy passes."  Plaintiff was able to pick up additional hours on top of the minimum requirement, as well as vacation time, and paid holidays.  Plaintiff was able to accumulate four (4) weeks of vacation per year with the ability to acquire two (2) more weeks.  If Plaintiff worked on the holidays, the pay would be double and a half.

8.     While Plaintiff was employed by Continental Airlines, he had no issues with co-workers, management, colleagues, workers from different airlines, and other airport employees.

9.      Sometime in 2012, Continental Airlines merged with the Defendant, and the Plaintiff continued his employment as a ramp agent on a part time basis with the same benefits he had accumulated.  The main difference between Continental Airlines, and the Defendant is that there is a union with this Defendant.  Continental Airlines did not have a union.

10.     Since 2012, the Plaintiff has been an employee of the Defendant.  Similarly, with the Defendant, the Plaintiff had no issues with co-workers, management, colleagues, other workers from different airlines, and other airport employees.

11.     On or about February 14, 2018, there was a dependability hearing to be held on behalf of the Plaintiff.

12.     The dependability hearing was adjourned by the Defendant to March 14, 2018.  The hearing was a termination hearing regarding the removal of points that the Plaintiff may have accumulated in the negative that allow for a termination hearing as a procedural protocol.

13.     With the approval of the Defendant, the Plaintiff rescheduled the meeting from March 14, 2018 to March 20, 2018 at 10:00 AM.

14.     On March 20, 2018, there was a major snowstorm and the State of New Jersey declared a State of Emergency thereby automatically cancelling the March 20, 2018 meeting.

15.     Prior to the cancellation of the March 20, 2018 meeting, the Plaintiff's points were frozen and the Plaintiff already had accumulated a negative seven additional (7) points on his employee record.

16.     On the anniversary date of each year, an earlier point is removed.  Because Plaintiff's points were frozen without the Plaintiff's knowledge, the points did not come off his employment record, which increased his point total.

17. Plaintiff had seven (7) points which led to a hearing plus an additional six (6) points accumulated which led to the termination of the Plaintiff by the Defendant.

18. However, three (3) points dated October 1, 2018 should not have been assessed because the Plaintiff was not an active employee. Plaintiff had not been cleared by the Defendant to go back to work. Therefore, three (3) of the points would not have materialized because the Plaintiff would not have accumulated those three (3) points. Additionally, two (2) prior points would have been removed after the one year anniversary date.

19. The Plaintiff's dependability hearing was rescheduled three times and only one of the cancellations was at the Plaintiff's request while the other two (2) times the hearing was rescheduled at the request of the Defendant. One time was because Ms. Ligia Mendez could not be present and the other was due to the State of Emergency snowstorm.

20. On or about November 23, 2018, the Plaintiff was terminated by the Defendant for accumulating thirteen (13) points.

21. The Plaintiff has been employed by the Defendant for a total of over twenty-two (22) years with both Continental Airlines and the Defendant. As a result, the Plaintiff would have been entitled to the benefits package for the himself and his family when he reached twenty-five (25) years of employment.

22. With a little over two (2) years left until the Plaintiff's retirement, the Plaintiff would have been entitled to a retirement benefit's package which would include, but not limited to health care for his entire family and flight benefits. The Defendant has denied the Plaintiff his benefits package by illegally terminating his employment prior to retirement.

## 1ST COUNT

## BREACH OF CONTRACT

21.     Plaintiff herein repeats and reiterates each and every allegation as if the same has been set forth at length and verbatim.

22.     Defendant breached the Contract between the Defendant and the Plaintiff, specifically the Fleet Service Employees 2016 – 2021 Agreement.

23.     Plaintiff had a Contract with the Defendant as a part time employee as a ramp agent and the Plaintiff was terminated by the Defendant without cause.

24.     Defendant breached the contract by terminating the Plaintiff without cause by not providing a required procedure for the termination, not providing administrative alternatives for the termination, and not providing sick leave credits.

25.     Defendant breached the contract, and is liable to the Plaintiff for their breach.

## 2nd COUNT

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

26.     Plaintiff herein repeats and reiterates each and every allegation as if the same has been set forth at length and verbatim.

27.     Defendant in bad faith terminated the Plaintiff after twenty-two (22) years of employment, and with only two (2) years remaining until the Plaintiff obtained his full retirement benefits.

28.     Given the length of employment that the Plaintiff has acquired the Defendant, in addition to the Defendant's obligations on behalf of the Continental Airlines post-merger, the Plaintiff is entitled to employment benefits and retirement benefits from the Defendant.

29.    Plaintiff was deliberately and falsely terminated by the Defendant under the "guise" of none dependability in order to eliminate the Defendant's responsibility to provide the Plaintiff with employee benefits and retirement benefits when he retired.

## 3rd COUNT

### NEW JERSEY SICK LEAVE LAW

30.    Plaintiff herein repeats and reiterates each and every allegation as if the same has been set forth at length and verbatim.

31.    Plaintiff has a right to accrue and use up to 40 hours of paid sick leave in any period of 12 consecutive months.

32.    Plaintiff was not provided with the ability to use the paid sick leave in order not to accumulate negative points on his employment record.

33.    As s result, the Defendant violated the Sick Leave Law and, therefore, terminated the Plaintiff without cause.

## 4th COUNT

### WRONGFUL DISCHARGE / WRONGFUL TERMINATION

34.    Plaintiff herein repeats and reiterates each and every allegation as if the same has been set forth at length and verbatim.

35.    Defendant engaged in actions that constituted age discrimination to the Plaintiff. These actions, inter alia, crated a hostile working environment for the Plaintiff.

36.    Defendant negligently, recklessly and/or intentionally failed to take prompt, appropriate and reasonable remedial action to prevent, stop, and/or remedy the discrimination toward the Plaintiff by the Defendant.

37.     Defendant fostered a discriminatory atmosphere that resulted in the Plaintiff losing his employee benefits as well as his retirement benefits. Defendant acted in violation of the Law Against Discrimination Act (LAD Act).

38.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress, reputational damage, damage to income, loss of earnings, loss employment benefits, and loss of income.

## 5th COUNT

## RETALIATION

39.     Plaintiff herein repeats and reiterates each and every allegation as if the same has been set forth at length and verbatim.

40.     Defendant willfully terminated the Plaintiff because of his so-called accumulation of negative points. Plaintiff's employee benefits included his retirement benefits after more than twenty-two years of employment with no cause due to his age of retirement approaching.

41.     Defendant terminated the Plaintiff under the "guise" that he is not dependable. There were no complaints by anyone including the Defendant as it relates of the Plaintiff in over twenty-two (22) years of employment.

42.     Defendant negligently, recklessly, and/or intentionally failed to take prompt, appropriate, and reasonable remedial action to prevent, stop, and remedy the discrimination directed at the Plaintiff.

43.     Defendant fostered a discriminatory atmosphere, and allowed actions which constituted discrimination in violation of the LAD Act.

44.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress, reputational damage, damage to income, loss of earnings, loss employment benefits, and loss of income.

**WHEREFORE**, Plaintiff respectfully requests and demands judgment against the Defendant for loss of income, back pay, damages, treble damages, compensatory damages, punitive damages, jointly and severally liability, interest, attorney's fees, and costs of suit, including health insurance for Plaintiff's family, 401(k) pension, flying benefits, flying benefits for extend family and friends sometimes referred to as "buddy passes," paid vacation time lost, paid holidays lost, and lost retirement benefits after being employed for twenty five (25) years or more.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts.

Ian J Hirsch, Esq.
Attorney for the Plaintiff

Dated: May 07, 2020

## DESIGNATION OF TRIAL COUNSEL

Notice is hereby given that Ian J Hirsch, Esq. is designated as trial counsel in the within matter.

Ian J Hirsch, Esq.
Attorney for the Plaintiff

Dated: May 7, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

Plaintiff upon information and belief is not aware of any pending or contemplated action.

Further, upon information and belief, Plaintiff is not aware of any other party who should be joined

in this action.

Ian J Hirsch, Esq.
Attorney for the Plaintiff

Dated: May 07, 2020